# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| MONICA WILLIAMS | § | |
| | § | |
| V. | § | NO. 1:05-CV-841 |
| | § | |
| MEXICAN RESTAURANT, INC. | § | |

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, for pretrial proceedings pursuant to a Referral Order filed on October 29, 2008. The court has received and considered the report of the United States magistrate judge, who recommends that the court deny plaintiff's motion to vacate the arbitration award and grant defendant's motion to confirm. Judge Hines concluded that the arbitrator did not manifestly disregard controlling law, exceed his powers under the arbitration agreement or otherwise engage in any egregious impropriety which would support vacatur.

Plaintiff objects to the magistrate judge's findings, conclusions, and analysis. This requires a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C).

After conducting such review, the court concludes that the magistrate judge's findings, conclusions and analysis are correct. In his recommendation, Judge Hines grappled with the Supreme Court's recent decision in Hall Street Associates, L.L.C. v. Mattel, Inc., —U.S.—, 128 S.Ct. 1396, 1403, 170 L.Ed.2d 254 (2008), which held that the four statutory factors found in Section

10 of the Federal Arbitration Act (FAA) are the exclusive grounds for vacating arbitration awards under that act. In a well written and thoughtful opinion, Judge Hines considered whether plaintiff's manifest disregard challenge should be "reconceptualized as a judicial gloss on the specific grounds for vacatur enumerated in Section 10 of the FAA . . ." See Stolt-Nielsen SA v. AnimalFeeds Intern. Corp., 548 F.3d 85, 94 (2d Cir. 2008). In an abundance of caution, the court analyzed the plaintiff's challenge under Sections 10(a)(3) ("misconduct") and 10(a)(4) ("exceeding his power").

Following the issuance of the report and recommendation, the Fifth Circuit addressed this issue, unequivocally holding that "to the extent that manifest disregard of the law constitutes a *nonstatutory* ground for vacatur, it is no longer a basis for vacating awards under the FAA." See Citigroup Global Markets, Inc. v. Bacon, No. 07-20670, 2009 WL 542780, at *6 (5th Cir. March 5, 2009). This still leaves open the possibility that manifest disregard challenges brought under the auspices of a statutory ground may still survive. In any event, the court agrees with Judge Hines's analysis that "resolving that debate is unnecessary here because [plaintiff's] challenge is as readily analyzed and determined under Section 10 grounds – 10(a)(3) and (4) – as under manifest disregard jurisprudence" and "[t]he outcome is the same whether the court examines [the arbitrator's] alleged failure to apply the pretext theory of employment discrimination as a 'manifest disregard of the law' or as 'misconduct' (10(a)(3)) or as 'exceeding his power' (10(a)(4))." The court concurs with the magistrate judge's determination that plaintiff's principal complaint is that the arbitrator's decision was against the great weight of the evidence. Such factual challenges are simply not within the court's authority to question. See Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509, 121 S. Ct. 1724, 1728, 149 L. Ed. 2d 740 (2001); United Paperworkers Intern. Union, United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36, 108 S. Ct. 364, 370, 98 L. Ed. 2d 286 (1987); Am. Laser Vision, P.A. v. Laser Vision Inst., L.L.C., 487 F.3d 255, 260 (5th Cir. 2007); Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 358 (5th Cir. 2004); Widell v. Wolf, 43 F.3d 1150,

1151 (7th Cir. 1994); Acuna v. Aerofreeze, Inc., No. 2:06-CV-432, 2008 WL 4755749, at *3 (E.D. Tex. Oct. 29, 2008). Further, even if the alleged arbitrator error is characterized as legal, mere errors in law are not enough to vacate an arbitration award. See Apache Bohai Corp. LDC v. Texaco China BV, 480 F.3d 397, 401 (5th Cir. 2007); United Food and Commercial Workers Union AFL-CIO v. Pilgrim's Pride Corp., 193 F.3d 328, 332 (5th Cir. 1999).

Accordingly, plaintiff's objections are **OVERRULED**, and the magistrate judge's report is hereby **ADOPTED**. It is further

**ORDERED** that plaintiffs' "Motion to Vacate 'Arbitrator's Award' and Place Case of Trial Docket" (Docket No. 32) is **DENIED.** It is further

**ORDERED** that "Defendant' Opposed Motion to Confirm Arbitration Award" (Docket No. 38) is **GRANTED**. An order confirming the arbitrator's award will be entered separately.

The purpose of the referral having been served, it is further **ORDERED** that the reference to the magistrate judge is **VACATED**.

**SIGNED** this the 18 day of **March, 2009.**

_____
Thad Heartfield
United States District Judge